THE CHILDREN'S ADVOCACY INSTITUTE
ROBERT C. FELLMETH, Cal. Bar No. 49897
JESSICA HELDMAN, Cal. Bar No. 277761
University of San Diego School of Law
5998 Alcalá Park,
San Diego, California 92110
Telephone:  619.260.4806
Facsimile:   619.260.4753

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
    Including Professional Corporations
TRAVIS J. ANDERSON, Cal. Bar No. 265540
TREVOR S. MANN-O'HALLORAN, Cal. Bar No. 318594
12275 El Camino Real, Suite 200
San Diego, California 92130-4092
Telephone:  858.720.8900
Facsimile:   858.509.3691

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CHILDREN'S ADVOCACY INSTITUTE,<br><br>          Plaintiff,<br><br>          v.<br><br>OFFICE OF REFUGEE RESETTLEMENT, ADMINISTRATION FOR CHILDREN AND FAMILIES, United States Department of Health and Human Services; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, United States Department of Homeland Security; UNITED STATES CUSTOMS AND BORDER PROTECTION, United States Department of Homeland Security; UNITED STATES DEPARTMENT OF HOMELAND SECURITY.<br><br>          Defendants. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552**<br><br><br>'19 CV0462 GPC BGS |

# INTRODUCTION

1.     Plaintiff The Children's Advocacy Institute ("Plaintiff") brings this action against Defendants The Office of Refugee Resettlement ("ORR"), The Administration for Children and Families ("ACF"), United States Immigration and Customs Enforcement ("ICE"), United States Department of Homeland Security ("DHS"); and United States Customs and Border Protection ("CBP") (collectively "Defendants") to compel Defendants to release records in compliance with the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* ("FOIA").

2.     On June 20, 2018, Plaintiff submitted three separate but substantively identical FOIA requests on Defendants seeking records related to individuals detained or arrested for suspected immigration violation upon their entry into the United States from January 1, 2018-June 20, 2018.  To date, Defendants have failed to comply with FOIA's statutory deadlines, producing either limited and non-responsive documents in response to Plaintiff's request, or refusing to produce any documents at all.  Plaintiff now asks the Court for an injunction requiring Defendants to promptly release the requested records and a declaration that Defendants have failed to comply with FOIA.

# JURISDICTION AND VENUE

3.     The Court has jurisdiction over this action pursuant to FOIA.  5 U.S.C. § 552(a)(4)(B).

4.     Venue is proper as Plaintiff resides in this district.  *Id.*; 28 U.S.C. § 1391(e).

# PARTIES

5.     Plaintiff is a not-for-profit educational organization incorporated under the laws of California and headquartered at 5998 Alcalá Park, San Diego, California 92110.  Plaintiff conducts studies and publishes national reports on the status of abused and neglected children.  Through its offices in San Diego, Sacramento, and

1  Washington D.C., Plaintiff advocates for legislation and rulemaking on behalf of

2  these children and litigates to protect their rights.

3      6.      Defendants ORR and ACF are components of the U.S. Department of

4  Health and Human Services, an agency of the United States Government within the

5  meaning of 5 U.S.C. § 552(f)(l) and headquartered at 330 C. Street, S.W.

6  Washington, D.C. 20201.  Defendant ACF oversees defendant ORR.  On

7  information and belief, ORR and ACF have records responsive to Plaintiff's FOIA

8  request in their possession, custody, or control.

9      7.      Defendant DHS is an agency of the United States Government within

10  the meaning of 5 U.S.C. § 552(f)(l) and is headquartered at 245 Murray Lane, S.W.

11  Washington, D.C. 20528.  ICE and CBP are components of DHS.  On information

12  and belief, DHS, through its components ICE and CBP, has records responsive to

13  Plaintiff's requests in its possession, custody, or control.

14                          **STATEMENT OF FACTS**

15              **Plaintiff Validly Serves FOIA Requests on Defendants**

16      8.      On June 20, 2018, Plaintiff submitted three separate but substantively

17  identical FOIA requests (the "Requests" or individually the "Request") on

18  Defendants ACF (via ORR) and DHS (via its components ICE and CBP) seeking

19  access to the following documents related to detainees at the border:

20      1.  Documents, including but not limited to databases, sufficient to

21          demonstrate the number of adult persons detained or arrested upon

22          detected entry into the United States for immigration related causes

23          (hereinafter referred to as detainees), by month from January l, 2018 to

24          the present day, as available, and the following information for each

25          detainee:

26          a.  The respective bases for such detentions;

27          b.  Whether the detainee was charged with a crime, and if so which

28              crime(s);

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

    c.  The geographic area of entry or apprehension (i.e. the state, port or nearest city where that encounter, seizure, or detention occurred);

    d.  Whether the detainee was accompanied by minor children upon apprehension; and

    e.  Whether the detainee has been appointed or retained legal counsel.

2.  Documents, including but not limited to databases, sufficient to demonstrate the number of minors (children under the age of 18) detained upon detected entry into the United States for immigration-related causes (hereinafter referred to as minor detainees), by month from January 1, 2018 to the present day, as available, and the following information for each minor detainee:

    a.  Whether the minor detainee was accompanied by an adult at the time of detention;

        i.  If the minor detainee was accompanied by an adult at the time of his/her detention, whether the adult was identified or believed to be the parent of the minor detainee;

    b.  All locations in which the minor detainee has been held in custody;

    c.  Languages spoken by the minor detainee;

    d.  Country of origin of the minor detainee;

    e.  Age at the time of the minor detainee's initial detention;

    f.  Medical condition(s) of the minor detainee requiring treatment at the time of detention or while during detention;

        i.  For minor detainees with medical condition(s) requiring treatment at the time of detention or while during detention, whether such treatment has been rendered; and

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

g. Whether the minor detainee has been appointed or retained legal counsel.

3. For each minor detainee reflected in [the] response to Request 2(a) as being accompanied by an adult at the time of detention, documents, including but not limited to databases, sufficient to demonstrate the following information:

a. Whether he/she was left in the custody of his/her accompanying adult(s);

b. Whether he/she was tendered to a relative (other than the accompanying adult);

c. Whether he/she was tendered to a non-relative adult sponsor;

d. Whether he/she was physically barred from entry and is assumed to have left the U.S.;

e. Whether he/she was put in the custody of any federal agency, and if so, which such agency has custody;

f. Whether he/she was physically separated from his/her accompanying adult(s) for any period following his/her detention;

    i. For each minor detainee who was separated from his/her accompanying adult(s) for any period following his/her detention, the total length of time such separation has taken place;

    ii. For each minor detainee who was separated from his/her accompanying adult(s) for any period following his/her detention, the number of times he/she has had any physical contact with his/her accompanying adult(s) while in detention and the total length of time of such contacts.

4. Documents sufficient to demonstrate policies and procedures, formal or informal, for determining the facilities or individuals who will have custody over minor detainees who are separated from their parents or accompanying adults.

5. Documents sufficient to demonstrate policies and procedures, formal or informal, setting forth how minor detainees who have been separated from their parents or accompanying adults are to be treated, and assistance and services they are to receive, while in federal custody (addressing concerns such as, but not limited to, ensuring safe and appropriate housing and bedding, clothing, meals, medical services, mental health treatment or counseling, supervision, education, and assistance with routine needs such as feeding, bathing and diapering).

6. Documents sufficient to demonstrate policies and procedures, formal or informal, for tracking the custody locations for minor detainees who were separated from their parents or accompanying adults.

7. Documents sufficient to demonstrate the number of formal or informal requests by detainees to be reunited with their minor detainee children being detained separately, and the outcome of each such request.

8. Documents sufficient to demonstrate policies and procedures, formal or informal, for permitting detainees to communicate with their minor detainee children, if they are being detained separately.

9. Attached as Exhibits **A-C** are true and correct copies of the Requests.

**Defendants Fail To Respond, Or Respond Inadequately, To The Requests**

***Defendant ORR's Response***

10. Defendant ORR did not respond to Plaintiff's June 20, 2018 Request. Plaintiff sent a follow-up letter on October 30, 2018 requesting a response. Attached hereto as Exhibit **D** is a true and correct copy of that October 30, 2018 letter.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

SMRH:489536326.2

11.    To date, Defendant ORR has not responded to Plaintiff's Request or Exhibit **D**, and has not produced records responsive to Plaintiff's Request.

### *Defendant ICE's Response*

12.    On September 25, 2018, Defendant ICE produced 21 pages of documents in response to the Request.  However, the documents lacked any information regarding individual detainees and were, accordingly, insufficient and non-responsive.

13.    Plaintiff sent an appeal letter to Defendant ICE on October 30, 2018, indicating that ICE's production was inadequate.  Attached hereto as Exhibit **E** is a true and correct copy of that October 30, 2018 letter.  Defendant ICE responded to Plaintiff's appeal letter on December 12, 2018, indicating that Plaintiff's appeal had been remanded for processing and that a further document search would occur.  The response did not indicate which document requests, if any, would be honored. Attached hereto as Exhibit **F** is a true and correct copy of that December 12, 2018 letter.

14.    On February 6, 2019 Plaintiff again wrote to ICE requesting a responsive production; ICE responded that Plaintiff's request was "in queue to have responsive records returned[.]"  Attached hereto as Exhibits **G** and **H** are true and correct copies of Plaintiff's letter and ICE's response.

15.    To date, ICE has failed to provide any additional records, and has made no determination as to which responsive documents will be produced.

### *Defendant CBP's Response*

16.    On August 2, 2018, Defendant CBP requested that Plaintiff narrow its Request.  Attached hereto as Exhibit **I** is a true and correct copy of that August 2, 2018 letter.

17.    In response, Plaintiff submitted a narrower amended request on August 13, 2018.  Attached hereto as Exhibit **J** is a true and correct copy of that amended request.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

1    18.    Plaintiff sent a follow-up letter on October 30, 2018 requesting a

2  response.  Attached hereto as Exhibit **K** is a true and correct copy of that October

3  30, 2018 letter.

4    19.    To date, Defendant CBP has not responded to Exhibit **K** and has not

5  produced records responsive to the Request.

6    ============================

7    20.    Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendants were required to

8  determine whether to comply with the request within twenty (20) business days and

9  to notify Plaintiff immediately of its determination, the reasons therefor, and the

10  right to appeal any adverse determination.

11    21.    As of the date of this complaint, more than two months have elapsed

12  since any Defendant provided a determination regarding Plaintiff's Request, appeal,

13  or amended Request.  Specifically:

14    • Defendant ORR has not responded to Plaintiff's Request, has not

15    produced documents responsive to Plaintiff's Request, and did not

16    provide a determination as to Plaintiff's Request within 20 business

17    days.

18    • Defendant ICE has not produced documents responsive to Plaintiff's

19    appealed Request and did not provide a determination as to

20    Plaintiff's Request within 20 business days.

21    • Defendant CBP has not produced documents responsive to

22    Plaintiff's amended Request and did not provide a determination as

23    to Plaintiff's Request within 20 business days.

24    22.    Defendants' uniform failure to comply with the time limit set forth in 5

25  U.S.C. § 552(a)(6)(A)(i) constitutes a constructive denial of Plaintiff's request,

26  satisfying Plaintiff's requirement to exhaust administrative remedies.  5 U.S.C. §

27  552(a)(6)(C)(i).

28

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

-8-

## FIRST CAUSE OF ACTION—FAILURE TO MAKE TIMELY DETERMINATION

23.     Plaintiff repeats and realleges paragraphs 1-22 as if fully stated herein.

24.     Defendants are subject to FOIA and must either 1) respond to a FOIA request with any disclosable records in their possession or 2) provide a lawful reason for withholding materials.

25.     Defendants failed to properly respond to Plaintiff's Requests within the statutorily mandated timeframe, in violation of FOIA. *See* 5 U.S.C. §§ 552(a)(6)(A), (6)(B).

26.     Plaintiff is entitled to its reasonable attorneys' fees and costs under 5 U.S.C. § 552(a)(4)(E).

## SECOND CAUSE OF ACTION—FAILURE TO PRODUCE RESPONSIVE RECORDS

27.     Plaintiff repeats and realleges paragraphs 1-22 as if fully stated herein.

28.     Defendants failed to make reasonable efforts to search for records responsive to the Requests, in violation of FOIA.  *See* 5 U.S.C. § 552(a)(3).

29.     Defendants failed to disclose and produce any records responsive to the Requests, in violation of FOIA.  *See* 5 U.S.C. § 552(a)(3)(A.

30.     Defendants lacked a legal basis for withholding such records, in violation of FOIA.  *See* 5 U.S.C. §§ 552(a)(3)(A), (6)(A).

31.     Plaintiff is entitled to its reasonable attorneys' fees and costs under 5 U.S.C. § 552(a)(4)(E).

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court:

1) Declare that Defendants violated FOIA by failing to produce the requested records and failing to notify Plaintiff of any determination within the statutory timeframe;

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF

SMRH:489536326.2

(2) Order Defendants to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

(4) Grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant Plaintiff such other relief as the Court deems just and proper

Dated:  March 11, 2019

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By         _/s/ Travis J. Anderson_
                       TRAVIS J. ANDERSON

Counsel for The Children's Advocacy Institute

# EXHIBIT A

# EXHIBIT A



**CENTER FOR PUBLIC INTEREST LAW**
**CHILDREN'S ADVOCACY INSTITUTE**

University of San Diego School of Law
5998 Alcalá Park
San Diego, CA 92110-2492
P: (619) 260-4806 / F: (619) 260-4753

2751 Kroy Way
Sacramento, CA 95817 / P: (916) 844-5646

727 15ᵗʰ Street NW, 12ᵗʰ Floor
Washington DC, 20005 / P: (917) 371-5191

www.cpil.org / www.caichildlaw.org

June 20, 2018

Office of Refugee Resettlement
Administration for Children and Families
U.S. Department of Health & Human
Services
Mary E. Switzer Building
330 C ST SW, Room 5123
Washington DC 20201
Requests.DUCS@acf.hhs.gov

RE:    Freedom of Information Act Request

To whom it may concern:

Pursuant to 5 U.S.C. § 552, the Children's Advocacy Institute and the Center for Public Interest Law hereby request that Office of Refugee Resettlement provide documents responsive to the requests listed below.

All of the information requested pertains only to the period from January 1, 2018 to the present. For requests 1, 2, and 3, responsive information may be provided in the form of existing documents that include the numbers requested by month or of any particular period if not available by month. Documents may be redacted to remove any individuals' names or other identifying information. Where the information is provided in a single document or single set of documents, other documents with the same information need not be produced. Where possible, it is preferable that documents be provided in electronic format.

If there are questions pertaining to the meaning of the requests below, or if information is sought to expedite or make your production less costly or time consuming, we are well aware of the importance of your work and we would cooperatively strive to clarify matters to facilitate your efficient response.

## DOCUMENT REQUESTS

1. Documents, including but not limited to databases, sufficient to demonstrate the number of adult persons detained or arrested upon detected entry into the United States for immigration-related causes (hereinafter referred to as detainees), by month from January 1, 2018 to the present day, as available, and the following information for each detainee:

    a.  The respective bases for such detentions;

Office of Refugee Resettlement
Page 2

    b. Whether the detainee was charged with a crime, and if so which crime(s);
    c. The geographic area of entry or apprehension (i.e. the state, port or nearest city where that encounter, seizure, or detention occurred);
    d. Whether the detainee was accompanied by minor children upon apprehension; and
    e. Whether the detainee has been appointed or retained legal counsel.

2. Documents, including but not limited to databases, sufficient to demonstrate the number of minors (children under the age of 18) detained upon detected entry into the United States for immigration-related causes (hereinafter referred to as minor detainees), by month from January 1, 2018 to the present day, as available, and the following information for each minor detainee:

    a. Whether the minor detainee was accompanied by an adult at the time of detention;
        i. If the minor detainee was accompanied by an adult at the time of his/her detention, whether the adult was identified or believed to be the parent of the minor detainee;
    b. All locations in which the minor detainee has been held in custody;
    c. Languages spoken by the minor detainee;
    d. Country of origin of the minor detainee;
    e. Age at the time of the minor detainee's initial detention;
    f. Medical condition(s) of the minor detainee requiring treatment at the time of detention or while during detention:
        i. For minor detainees with medical condition(s) requiring treatment at the time of detention or while during detention, whether such treatment has been rendered; and
    g. Whether the minor detainee has been appointed or retained legal counsel.

3. For each minor detainee reflected in your response to Request 2(a) as being accompanied by an adult at the time of detention, documents, including but not limited to databases, sufficient to demonstrate the following information:

    a. Whether he/she was left in the custody of his/her accompanying adult(s);
    b. Whether he/she was tendered to a relative (other than the accompanying adult);
    c. Whether he/she was tendered to a non-relative adult sponsor;
    d. Whether he/she was physically barred from entry and is assumed to have left the U.S.;
    e. Whether he/she was put in the custody of any federal agency, and if so, which such agency has custody;
    f. Whether he/she was physically separated from his/her accompanying adult(s) for any period following his/her detention;
        i. For each minor detainee who was separated from his/her accompanying adult(s) for any period following his/her detention, the total length of time such separation has taken place;

Office of Refugee Resettlement
Page 3

    ii. For each minor detainee who was separated from his/her accompanying adult(s) for any period following his/her detention, the number of times he/she has had any physical contact with his/her accompanying adult(s) while in detention and the total length of time of such contacts.

4. Documents sufficient to demonstrate policies and procedures, formal or informal, for determining the facilities or individuals who will have custody over minor detainees who are separated from their parents or accompanying adults.

5. Documents sufficient to demonstrate policies and procedures, formal or informal, setting forth how minor detainees who have been separated from their parents or accompanying adults are to be treated, and assistance and services they are to receive, while in federal custody (addressing concerns such as, but not limited to, ensuring safe and appropriate housing and bedding, clothing, meals, medical services, mental health treatment or counseling, supervision, education, and assistance with routine needs such as feeding, bathing and diapering).

6. Documents sufficient to demonstrate policies and procedures, formal or informal, for tracking the custody locations for minor detainees who were separated from their parents or accompanying adults.

7. Documents sufficient to demonstrate the number of formal or informal requests by detainees to be reunited with their minor detainee children being detained separately, and the outcome of each such request.

8. Documents sufficient to demonstrate policies and procedures, formal or informal, for permitting detainees to communicate with their minor detainee children, if they are being detained separately.

Please feel free to contact our office at 619/260-4806 for any questions or clarification about the requests above.

Very Sincerely,

Robert C. Fellmeth
Price Professor of Public Interest Law
University of San Diego School of Law
Executive Director, Center for Public Interest Law
     and Children's Advocacy Institute

# EXHIBIT B

# EXHIBIT B



**CENTER FOR PUBLIC INTEREST LAW**
**CHILDREN'S ADVOCACY INSTITUTE**

University of San Diego School of Law
5998 Alcalá Park
San Diego, CA 92110-2492
P: (619) 260-4806 / F: (619) 260-4753

2751 Kroy Way
Sacramento, CA 95817 / P: (916) 844-5646

727 15th Street NW, 12th Floor
Washington DC, 20005 / P: (917) 371-5191

www.cpil.org / www.caichildlaw.org

June 20, 2018

U.S. Immigration and Customs Enforcement
Freedom of Information Act Office
500 12th Street, S.W., Stop 5009
Washington, D.C. 20536-5009
ICE-FOIA@dhs.gov

RE:     Freedom of Information Act Request

To whom it may concern:

Pursuant to 5 U.S.C. § 552, the Children's Advocacy Institute and the Center for Public Interest Law hereby request that U.S. Immigration and Customs Enforcement provide documents responsive to the requests listed below.

All of the information requested pertains only to the period from January 1, 2018 to the present. For requests 1, 2, and 3, responsive information may be provided in the form of existing documents that include the numbers requested by month or of any particular period if not available by month. Documents may be redacted to remove any individuals' names or other identifying information. Where the information is provided in a single document or single set of documents, other documents with the same information need not be produced. Where possible, it is preferable that documents be provided in electronic format.

If there are questions pertaining to the meaning of the requests below, or if information is sought to expedite or make your production less costly or time consuming, we are well aware of the importance of your work and we would cooperatively strive to clarify matters to facilitate your efficient response.

## DOCUMENT REQUESTS

1. Documents, including but not limited to databases, sufficient to demonstrate the number of adult persons detained or arrested upon detected entry into the United States for immigration-related causes (hereinafter referred to as detainees), by month from January 1, 2018 to the present day, as available, and the following information for each detainee:

   a. The respective bases for such detentions;

    b.   Whether the detainee was charged with a crime, and if so which crime(s);

    c.   The geographic area of entry or apprehension (i.e. the state, port or nearest city where that encounter, seizure, or detention occurred);

    d.   Whether the detainee was accompanied by minor children upon apprehension; and

    e.   Whether the detainee has been appointed or retained legal counsel.

2.   Documents, including but not limited to databases, sufficient to demonstrate the number of minors (children under the age of 18) detained upon detected entry into the United States for immigration-related causes (hereinafter referred to as minor detainees), by month from January 1, 2018 to the present day, as available, and the following information for each minor detainee:

    a.   Whether the minor detainee was accompanied by an adult at the time of detention;

        i.   If the minor detainee was accompanied by an adult at the time of his/her detention, whether the adult was identified or believed to be the parent of the minor detainee;

    b.   All locations in which the minor detainee has been held in custody;

    c.   Languages spoken by the minor detainee;

    d.   Country of origin of the minor detainee;

    e.   Age at the time of the minor detainee's initial detention;

    f.   Medical condition(s) of the minor detainee requiring treatment at the time of detention or while during detention;

        i.   For minor detainees with medical condition(s) requiring treatment at the time of detention or while during detention, whether such treatment has been rendered; and

    g.   Whether the minor detainee has been appointed or retained legal counsel.

3.   For each minor detainee reflected in your response to Request 2(a) as being accompanied by an adult at the time of detention, documents, including but not limited to databases, sufficient to demonstrate the following information:

    a.   Whether he/she was left in the custody of his/her accompanying adult(s);

    b.   Whether he/she was tendered to a relative (other than the accompanying adult);

    c.   Whether he/she was tendered to a non-relative adult sponsor;

    d.   Whether he/she was physically barred from entry and is assumed to have left the U.S.;

    e.   Whether he/she was put in the custody of any federal agency, and if so, which such agency has custody;

    f.   Whether he/she was physically separated from his/her accompanying adult(s) for any period following his/her detention;

        i.   For each minor detainee who was separated from his/her accompanying adult(s) for any period following his/her detention, the total length of time such separation has taken place;

      ii.  For each minor detainee who was separated from his/her accompanying adult(s) for any period following his/her detention, the number of times he/she has had any physical contact with his/her accompanying adult(s) while in detention and the total length of time of such contacts.

4.  Documents sufficient to demonstrate policies and procedures, formal or informal, for determining the facilities or individuals who will have custody over minor detainees who are separated from their parents or accompanying adults.

5.  Documents sufficient to demonstrate policies and procedures, formal or informal, setting forth how minor detainees who have been separated from their parents or accompanying adults are to be treated, and assistance and services they are to receive, while in federal custody (addressing concerns such as, but not limited to, ensuring safe and appropriate housing and bedding, clothing, meals, medical services, mental health treatment or counseling, supervision, education, and assistance with routine needs such as feeding, bathing and diapering).

6.  Documents sufficient to demonstrate policies and procedures, formal or informal, for tracking the custody locations for minor detainees who were separated from their parents or accompanying adults.

7.  Documents sufficient to demonstrate the number of formal or informal requests by detainees to be reunited with their minor detainee children being detained separately, and the outcome of each such request.

8.  Documents sufficient to demonstrate policies and procedures, formal or informal, for permitting detainees to communicate with their minor detainee children, if they are being detained separately.

Please feel free to contact our office at 619/260-4806 for any questions or clarification about the requests above.

Very Sincerely,

Robert C. Fellmeth
Price Professor of Public Interest Law
University of San Diego School of Law
Executive Director, Center for Public Interest Law
        and Children's Advocacy Institute

# EXHIBIT C

# EXHIBIT C



**CENTER FOR PUBLIC INTEREST LAW**
**CHILDREN'S ADVOCACY INSTITUTE**

University of San Diego School of Law
5998 Alcalá Park
San Diego, CA 92110-2492
P: (619) 260-4806 / F: (619) 260-4753

2751 Kroy Way
Sacramento, CA 95817 / P: (916) 844-5646

727 15th Street NW, 12th Floor
Washington DC, 20005 / P: (917) 371-5191

www.cpil.org / www.caichildlaw.org

June 20, 2018

FOIA Officer
U.S. Customs and Border Protection
90 K Street, NW
9th Floor, Mail Stop 1181
Washington, DC 20229

RE:     Freedom of Information Act Request

To whom it may concern:

Pursuant to 5 U.S.C. § 552, the Children's Advocacy Institute and the Center for Public Interest Law hereby request that U.S. Customs and Border Protection provide documents responsive to the requests listed below.

All of the information requested pertains only to the period from January 1, 2018 to the present. For requests 1, 2, and 3, responsive information may be provided in the form of existing documents that include the numbers requested by month or of any particular period if not available by month. Documents may be redacted to remove any individuals' names or other identifying information. Where the information is provided in a single document or single set of documents, other documents with the same information need not be produced. Where possible, it is preferable that documents be provided in electronic format.

If there are questions pertaining to the meaning of the requests below, or if information is sought to expedite or make your production less costly or time consuming, we are well aware of the importance of your work and we would cooperatively strive to clarify matters to facilitate your efficient response.

## DOCUMENT REQUESTS

1. Documents, including but not limited to databases, sufficient to demonstrate the number of adult persons detained or arrested upon detected entry into the United States for immigration-related causes (hereinafter referred to as detainees), by month from January 1, 2018 to the present day, as available, and the following information for each detainee:

    a. The respective bases for such detentions;
    b. Whether the detainee was charged with a crime, and if so which crime(s);

FOIA Officer
U.S. Customs and Border Protection
Page 2

    c. The geographic area of entry or apprehension (i.e. the state, port or nearest city where that encounter, seizure, or detention occurred);
    d. Whether the detainee was accompanied by minor children upon apprehension; and
    e. Whether the detainee has been appointed or retained legal counsel.

2. Documents, including but not limited to databases, sufficient to demonstrate the number of minors (children under the age of 18) detained upon detected entry into the United States for immigration-related causes (hereinafter referred to as minor detainees), by month from January 1, 2018 to the present day, as available, and the following information for each minor detainee:

    a. Whether the minor detainee was accompanied by an adult at the time of detention;
        i. If the minor detainee was accompanied by an adult at the time of his/her detention, whether the adult was identified or believed to be the parent of the minor detainee;
    b. All locations in which the minor detainee has been held in custody;
    c. Languages spoken by the minor detainee;
    d. Country of origin of the minor detainee;
    e. Age at the time of the minor detainee's initial detention;
    f. Medical condition(s) of the minor detainee requiring treatment at the time of detention or while during detention;
        i. For minor detainees with medical condition(s) requiring treatment at the time of detention or while during detention, whether such treatment has been rendered; and
    g. Whether the minor detainee has been appointed or retained legal counsel.

3. For each minor detainee reflected in your response to Request 2(a) as being accompanied by an adult at the time of detention, documents, including but not limited to databases, sufficient to demonstrate the following information:

    a. Whether he/she was left in the custody of his/her accompanying adult(s);
    b. Whether he/she was tendered to a relative (other than the accompanying adult);
    c. Whether he/she was tendered to a non-relative adult sponsor;
    d. Whether he/she was physically barred from entry and is assumed to have left the U.S.;
    e. Whether he/she was put in the custody of any federal agency, and if so, which such agency has custody;
    f. Whether he/she was physically separated from his/her accompanying adult(s) for any period following his/her detention;
        i. For each minor detainee who was separated from his/her accompanying adult(s) for any period following his/her detention, the total length of time such separation has taken place;

FOIA Officer
U.S. Customs and Border Protection
Page 3

      ii. For each minor detainee who was separated from his/her accompanying adult(s) for any period following his/her detention, the number of times he/she has had any physical contact with his/her accompanying adult(s) while in detention and the total length of time of such contacts.

4. Documents sufficient to demonstrate policies and procedures, formal or informal, for determining the facilities or individuals who will have custody over minor detainees who are separated from their parents or accompanying adults.

5. Documents sufficient to demonstrate policies and procedures, formal or informal, setting forth how minor detainees who have been separated from their parents or accompanying adults are to be treated, and assistance and services they are to receive, while in federal custody (addressing concerns such as, but not limited to, ensuring safe and appropriate housing and bedding, clothing, meals, medical services, mental health treatment or counseling, supervision, education, and assistance with routine needs such as feeding, bathing and diapering).

6. Documents sufficient to demonstrate policies and procedures, formal or informal, for tracking the custody locations for minor detainees who were separated from their parents or accompanying adults.

7. Documents sufficient to demonstrate the number of formal or informal requests by detainees to be reunited with their minor detainee children being detained separately, and the outcome of each such request.

8. Documents sufficient to demonstrate policies and procedures, formal or informal, for permitting detainees to communicate with their minor detainee children, if they are being detained separately.

Very Sincerely,

Robert C. Fellmeth
Price Professor of Public Interest Law
University of San Diego School of Law
Executive Director, Center for Public Interest Law
        and Children's Advocacy Institute

# EXHIBIT D

EXHIBIT D



**CENTER FOR PUBLIC INTEREST LAW**
**CHILDREN'S ADVOCACY INSTITUTE**

University of San Diego School of Law
5998 Alcalá Park
San Diego, CA 92110-2492
P: (619) 260-4806 / F: (619) 260-4753

2751 Kroy Way
Sacramento, CA 95817 / P: (916) 844-5646

1023 15th Street NW, Suite 401
Washington DC, 20005 / P: (917) 371-5191

www.cpil.org / www.caichildlaw.org

October 30, 2018

Office of Refugee Resettlement
Administration for Children and Families (ACF)
U.S. Department of Health & Human Services
Mary E. Switzer Building
330 C ST SW, Room 5123
Washington DC 20201

RE: Freedom of Information Act Request 18-F-0261

To whom it may concern:

Pursuant to 5 U.S.C. § 552, the Children's Advocacy Institute and the Center for Public Interest Law hereby send a second and final request that the Administration for Children and Families provide documents responsive to the requests listed below.

We note that a response to our original request has not been provided. We have received no documents from your office. If any of the questions below cannot be answered, please state the bases for nondisclosure and cite the category of law you are relying upon for choosing not to disclose the requested information. We have no objection to the redaction of names for identifying information. If we have received no answer within 30 days, we will assume the requested documents do not exist.

All of the information requested pertains only to the period from January 1, 2018 to the present. For requests 1, 2, and 3, responsive information may be provided in the form of existing documents that include the numbers requested by month or of any particular period if not available by month. If numerical data cannot be provided nationally, then please provide the information requested by county, department, or a feasible division. We reiterate that documents may be redacted to remove any individuals' names or other identifying information. Where the information is provided in a single document or single set of documents, other documents with the same information need not be produced. Where possible, it is preferable that documents be provided in electronic format.

If there are questions pertaining to the meaning of the requests below, or if information is sought to expedite or make your production less costly or time consuming, we are well aware of the importance of your work and we would cooperatively strive to clarify matters to facilitate your efficient response.

Office of Refugee Resettlement
Administration for Children and Families
U.S. Department of Health & Human Services
October 30, 2018
Page 2

## DOCUMENT REQUESTS

1.  Documents, including but not limited to databases, sufficient to demonstrate:

    a.  The number of adult persons detained or arrested upon detected entry into the United States for immigration-related causes (hereinafter referred to as detainees), by month from January 1, 2018 to the present day, as available, and the following information for each detainee:

        i.    The respective bases for such detentions;

        ii.   Whether the detainee was charged with a crime, and if so, which crime(s);

        iii.  The geographic area of entry or apprehension (i.e. the state, port or nearest city where that encounter, seizure, or detention occurred);

        iv.   Whether the detainee was accompanied by minor children upon apprehension;

        v.    Whether the detainee has been appointed or retained legal counsel; and

        vi.   Whether the detainee has a pending immigration case.

    b.  The aggregate number of adult detainees deported between January 1, 2018–present.

2.  Documents, including but not limited to databases, sufficient to demonstrate:

    a.  The number of minors (children under the age of 18) detained upon detected entry into the United States for immigration-related causes (hereinafter referred to as minor detainees), by month from January 1, 2018 to the present day, as available, and the following information for each minor detainee:

        i.    The respective bases for such detentions;

        ii.   The length of detentions;

        iii.  Whether the minor detainee was charged with a crime, and if so which crime(s);

        iv.   Whether the minor detainee was accompanied by an adult at the time of detention;

Office of Refugee Resettlement
Administration for Children and Families
U.S. Department of Health & Human Services
October 30, 2018
Page 3

          1. If the minor detainee was accompanied by an adult at the time of detention, whether the adult was identified or believed to be the parent of the minor detainee;

     v. All locations in which the minor detainee has been held in custody;

          1. The current location of the minor detainee;

     vi. Languages spoken by the minor detainee;

     vii. Country of origin of the minor detainee;

     viii. Age at the time of the minor detainee's initial detention;

     ix. Medical condition(s) of the minor detainee requiring treatment at the time of detention or while during detention;

          1. For minor detainees with medical condition(s) requiring treatment at the time of detention or while during detention, whether such treatment has been rendered;

     x. Whether the minor detainee has been appointed or retained legal counsel; and

     xi. Whether the minor detainee has a pending immigration case.

   b. The aggregate numbers within the timeframe of January 1, 2018 to present pertaining to:

     i. The number of minor detainees who were unaccompanied by an adult;

     ii. The number of minor detainees deported;

3. For each minor detainee reflected in your response to Request 2(a)(iv) as being accompanied by an adult at the time of detention, documents, including but not limited to databases, sufficient to demonstrate the following information:

   a. Whether the minor detainee was left in the custody of the accompanying adult(s);

   b. Whether the minor detainee was tendered to a relative (other than the accompanying adult);

   c. Whether the minor detainee was tendered to a non-relative adult sponsor;

Office of Refugee Resettlement
Administration for Children and Families
U.S. Department of Health & Human Services
October 30, 2018
Page 4

    d.  Whether the minor detainee was referred to a social worker;

    e.  If the minor detainee was released to an adult, whether the adult went through a background check, and what that background check consisted of, not limited to the following:

        i.  Whether the adult had a criminal record;

        ii.  Whether the adult appeared on the National Sex Offender Public Registry;

        iii.  Whether the adult was a Mentally Disordered Sex Offender (MDSO);

        iv.  If the minor detainee was released to an adult that did not have a criminal record, did not appear on the National Sex Offender Public Registry, or was not an MDSO, whether the check was followed up regularly;

    f.  Whether the minor detainee was physically barred from entry and is assumed to have left the U.S.;

    g.  Whether the minor detainee was put in the custody of any federal agency, and if so, which such agency has custody;

    h.  Whether the minor detainee was physically separated from the accompanying adult(s) for any period following the minor detainee's detention;

        i.  For each minor detainee who was separated from the accompanying adult(s) for any period following the minor detainee's detention, the total length of time such separation has taken place;

        ii.  For each minor detainee who was separated from the accompanying adult(s) for any period following the minor detainee's detention, the number of times the minor detainee has had any physical contact with the accompanying adult(s) while in detention and the total length of time of such contacts.

        iii.  For each minor detainee who was separated from the minor detainee's parent(s) for any period following the minor detainee's detention, the total length of time such separation has taken place;

        iv.  For each minor detainee who was separated from the minor detainee's parent(s) for any period following the minor detainee's detention, the number of times the minor detainee has had physical contact with the minor detainee's parent(s) while in detention and the total length of time of such contacts;

Office of Refugee Resettlement
Administration for Children and Families
U.S. Department of Health & Human Services
October 30, 2018
Page 5

4. Documents sufficient to demonstrate policies and procedures, formal or informal, for determining the facilities or individuals who will have custody over minor detainees who are separated from their parents or accompanying adults.

5. Documents sufficient to demonstrate policies and procedures, formal or informal, setting forth how minor detainees who have been separated from their parents or accompanying adults are to be treated, and assistance and services they are to receive, while in federal custody (addressing concerns such as, but not limited to, ensuring safe and appropriate housing and bedding, clothing, meals, medical services, mental health treatment or counseling, supervision, education, and assistance with routine needs such as feeding, bathing, and diapering).

6. Documents sufficient to demonstrate policies and procedures, formal or informal, for tracking the custody locations for minor detainees who were separated from their parents or accompanying adults.

7. Documents sufficient to demonstrate the number of formal or informal requests by detainees to be reunited with their minor detainee children being detained separately, and the outcome of each such request.

8. Documents sufficient to demonstrate policies and procedures, formal or informal, for permitting detainees to communicate with their minor detainee children, if they are being detained separately.

Please feel free to contact our office at 619-260-4806 for any questions or clarification about the requests above.

Very sincerely,

Robert C. Fellmeth
Price Professor of Public Interest Law
University of San Diego School of Law
Executive Director, Center for Public Interest Law
and Children's Advocacy Institute

# EXHIBIT E

# EXHIBIT E



**CENTER FOR PUBLIC INTEREST LAW**
**CHILDREN'S ADVOCACY INSTITUTE**

University of San Diego School of Law
5998 Alcalá Park
San Diego, CA 92110-2492
P: (619) 260-4806 / F: (619) 260-4753

2751 Kroy Way
Sacramento, CA 95817 / P: (916) 844-5646

1023 15th Street NW, Suite 401
Washington DC, 20005 / P: (917) 371-5191

www.cpil.org / www.caichildlaw.org

October 30, 2018

U.S. Immigration and Customs Enforcement
Office of the Principal Legal Advisor
U.S. Department of Homeland Security
500 12th Street, S.W., Mail Stop 5900
Washington, D.C. 20536-5900

RE: FOIA Appeal 2018-ICFO-477721

To whom it may concern:

Pursuant to 5 U.S.C. § 552, the Children's Advocacy Institute and the Center for Public Interest Law submit this letter as an appeal to the final response received from U.S. Immigration and Customs Enforcement (ICE) regarding the Freedom of Information Act (FOIA) Case Number 2018-ICFO-47721.

We note that your response to our original and amended FOIA requests is inadequate. The response received on September 25, 2018 was insufficient in that it failed to address the vast majority of the information requested. FOIA exemptions 6 and 7(C), applied by ICE to our request, are misapplied. We are not requesting identifying information of individuals within the categories listed below. We are not asking for the disclosure of names, email addresses, and phone numbers of DHS employees within the documents. We stress that a format free of personally identifiable information is sufficient.

As part of this appeal, we restate below the information we are requesting, along with additional requests. If any of the questions below cannot be answered, please state the bases for nondisclosure and cite the category of law you are relying upon for choosing not to disclose the requested information. We reiterate that we have no objection to the redaction of names for identifying information. If we have received no answer within 30 days, we will assume the requested documents do not exist.

All of the information requested pertains only to the period from January 1, 2018 to the present. For requests 1, 2, and 3, responsive information may be provided in the form of existing documents that include the numbers requested by month or of any particular period if not available by month. If numerical data cannot be provided nationally, then please provide the information requested by county, department, or a feasible division. Documents may be redacted to remove any individuals' names or other identifying information. Where the information is provided in a single document or single set of documents, other documents with the same information need not be produced. Where possible, it is preferable that documents be provided in electronic format.

U.S. Immigration and Customs Enforcement
October 30, 2018
Page 2

       If there are questions pertaining to the meaning of the requests below, or if information is sought to expedite or make your production less costly or time consuming, we are well aware of the importance of your work and we would cooperatively strive to clarify matters to facilitate your efficient response.

## DOCUMENT REQUESTS

1. Documents, including but not limited to databases, sufficient to demonstrate:

   a. The number of adult persons detained or arrested upon detected entry into the United States for immigration-related causes (hereinafter referred to as detainees), by month from January 1, 2018 to the present day, as available, and the following information for each detainee:

      i. The respective bases for such detentions;

      ii. Whether the detainee was charged with a crime, and if so, which crime(s);

      iii. The geographic area of entry or apprehension (i.e. the state, port or nearest city where that encounter, seizure, or detention occurred);

      iv. Whether the detainee was accompanied by minor children upon apprehension;

      v. Whether the detainee has been appointed or retained legal counsel; and

      vi. Whether the detainee has a pending immigration case.

   b. The aggregate number of adult detainees deported between January 1, 2018-present.

2. Documents, including but not limited to databases, sufficient to demonstrate:

   a. The number of minors (children under the age of 18) detained upon detected entry into the United States for immigration-related causes (hereinafter referred to as minor detainees), by month from January 1, 2018 to the present day, as available, and the following information for each minor detainee:

      i. The respective bases for such detentions;

      ii. The length of detentions;

      iii. Whether the minor detainee was charged with a crime, and if so which crime(s);

      iv. Whether the minor detainee was accompanied by an adult at the time of detention;

U.S. Immigration and Customs Enforcement
October 30, 2018
Page 3

      1. If the minor detainee was accompanied by an adult at the time of detention, whether the adult was identified or believed to be the parent of the minor detainee;

   v. All locations in which the minor detainee has been held in custody;

      1. The current location of the minor detainee;

   vi. Languages spoken by the minor detainee;

   vii. Country of origin of the minor detainee;

   viii. Age at the time of the minor detainee's initial detention;

   ix. Medical condition(s) of the minor detainee requiring treatment at the time of detention or while during detention;

      1. For minor detainees with medical condition(s) requiring treatment at the time of detention or while during detention, whether such treatment has been rendered;

   x. Whether the minor detainee has been appointed or retained legal counsel; and

   xi. Whether the minor detainee has a pending immigration case.

  b. The aggregate numbers within the timeframe of January 1, 2018 to present pertaining to:

   i. The number of minor detainees who were unaccompanied by an adult;

   ii. The number of minor detainees deported;

3. For each minor detainee reflected in your response to Request 2(a)(iv) as being accompanied by an adult at the time of detention, documents, including but not limited to databases, sufficient to demonstrate the following information:

  a. Whether the minor detainee was left in the custody of the accompanying adult(s);

  b. Whether the minor detainee was tendered to a relative (other than the accompanying adult);

  c. Whether the minor detainee was tendered to a non-relative adult sponsor;

  d. Whether the minor detainee was referred to a social worker;

U.S. Immigration and Customs Enforcement
October 30, 2018
Page 4

    e.  If the minor detainee was released to an adult, whether the adult went through a background check, and what that background check consisted of, not limited to the following:

        i.  Whether the adult had a criminal record;

        ii.  Whether the adult appeared on the National Sex Offender Public Registry;

        iii.  Whether the adult was a Mentally Disordered Sex Offender (MDSO);

        iv.  If the minor detainee was released to an adult that did not have a criminal record, did not appear on the National Sex Offender Public Registry, or was not an MDSO, whether the check was followed up regularly;

    f.  Whether the minor detainee was physically barred from entry and is assumed to have left the U.S.;

    g.  Whether the minor detainee was put in the custody of any federal agency, and if so, which such agency has custody;

    h.  Whether the minor detainee was physically separated from the accompanying adult(s) for any period following the minor detainee's detention;

        i.  For each minor detainee who was separated from the accompanying adult(s) for any period following the minor detainee's detention, the total length of time such separation has taken place;

        ii.  For each minor detainee who was separated from the accompanying adult(s) for any period following the minor detainee's detention, the number of times the minor detainee has had any physical contact with the accompanying adult(s) while in detention and the total length of time of such contacts.

        iii.  For each minor detainee who was separated from the minor detainee's parent(s) for any period following the minor detainee's detention, the total length of time such separation has taken place;

        iv.  For each minor detainee who was separated from the minor detainee's parent(s) for any period following the minor detainee's detention, the number of times the minor detainee has had physical contact with the minor detainee's parent(s) while in detention and the total length of time of such contacts;

4.  Documents sufficient to demonstrate policies and procedures, formal or informal, for determining the facilities or individuals who will have custody over minor detainees who are separated from their parents or accompanying adults.

U.S. Immigration and Customs Enforcement
October 30, 2018
Page 5

5.  Documents sufficient to demonstrate policies and procedures, formal or informal, setting forth how minor detainees who have been separated from their parents or accompanying adults are to be treated, and assistance and services they are to receive, while in federal custody (addressing concerns such as, but not limited to, ensuring safe and appropriate housing and bedding, clothing, meals, medical services, mental health treatment or counseling, supervision, education, and assistance with routine needs such as feeding, bathing, and diapering).

6.  Documents sufficient to demonstrate policies and procedures, formal or informal, for tracking the custody locations for minor detainees who were separated from their parents or accompanying adults.

7.  Documents sufficient to demonstrate the number of formal or informal requests by detainees to be reunited with their minor detainee children being detained separately, and the outcome of each such request.

8.  Documents sufficient to demonstrate policies and procedures, formal or informal, for permitting detainees to communicate with their minor detainee children, if they are being detained separately.

Please feel free to contact our office at 619-260-4806 for any questions or clarification about the requests above.

Very sincerely,

Robert C. Fellmeth
Price Professor of Public Interest Law
University of San Diego School of Law
Executive Director, Center for Public Interest Law
and Children's Advocacy Institute

# EXHIBIT F

# EXHIBIT F



**U.S. Department of Homeland Security**
500 12th St. SW; STOP 5009
Washington, DC 20536-5009

December 12, 2018

Katie Gonzalez
University of San Diego School of Law
5998 Alcala Park
San Diego, CA 92110

**RE:    2019-ICAP-00093; 2018-ICFO-47721**

Dear Ms. Gonzalez:

This letter is in response to your letter dated October 30, 2018, received November 13, 2018, appealing the U.S. Immigration and Customs Enforcement (ICE) Freedom of Information Act (FOIA) Office's response to your FOIA request dated June 20, 2018, seeking the following records:

1. Documents, including but not limited to databases, sufficient to demonstrate the number of adult persons detained or arrested upon detected entry into the United States for immigration-related causes (hereinafter referred to as detainees), by month from January 1, 2018 to the present day, as available, and the following information for each detainee:
    a. The respective bases for such detentions;
    b. Whether the detainee was charged with a crime, and if so which crime(s);
    c. The geographic area of entry or apprehension (i.e. the state, port or nearest city where that encounter, seizure, or detention occurred);
    d. Whether the detainee was accompanied by minor children upon apprehension; and
    e. Whether the detainee has been appointed or retained legal counsel.
2. Documents, including but not limited to databases, sufficient to demonstrate the number of minors (children under the age of 18) detained upon detected entry into the United States for immigration-related causes (hereinafter referred to as minor detainees), by month from January 1, 2018 to the present day, as available, and the following information for each minor detainee:
    a. Whether the minor detainee was accompanied by an adult at the time of detention;

        i. If the minor detainee was accompanied by an adult at the time of his/her detention, whether the adult was identified or believed to be the parent of the minor detainee;
    b. All locations in which the minor detainee has been held in custody;
    c. Languages spoken by the minor detainee;
    d. Country of origin of the minor detainee;
    e. Age at the time of the minor detainee's initial detention;
    f. Medical condition(s) of the minor detainee requiring treatment at the time of detention or while during detention; i. For minor detainees with medical condition(s)

requiring treatment at the time of detention or while during detention, whether such treatment has been rendered; and

g.  Whether the minor detainee has been appointed or retained legal counsel.

3.  For each minor detainee reflected in your response to Request 2(a) as being accompanied by an adult at the time of detention, documents, including but not limited to databases, sufficient to demonstrate the following information:

   a.  Whether he/she was left in the custody of his/her accompanying adult(s);
   b.  Whether he/she was tendered to a relative (other than the accompanying adult);
   c.  Whether he/she was tendered to a non-relative adult sponsor;
   d.  Whether he/she was physically barred from entry and is assumed to have left the U.S.;
   e.  Whether he/she was put in the custody of any federal agency, and if so, which such agency has custody;
   f.  Whether he/she was physically separated from his/her accompanying adult(s) for any period following his/her detention;
      i.   For each minor detainee who was separated from his/her accompanying adult(s) for any period following his/her detention, the total length of time such separation has taken place;
      ii.  For each minor detainee who was separated from his/her accompanying adult(s) for any period following his/her detention, the number of times he/she has had any physical contact with his/her accompanying adult(s) while in detention and the total length of time of such contacts.

4.  Documents sufficient to demonstrate policies and procedures, formal or informal, for determining the facilities or individuals who will have custody over minor detainees who are separated from their parents or accompanying adults.

5.  Documents sufficient to demonstrate policies and procedures, formal or informal, setting forth how minor detainees who have been separated from their parents or accompanying adults are to be treated, and assistance and services they are to receive, while in federal custody (addressing concerns such as, but not limited to, ensuring safe and appropriate housing and bedding, clothing, meals, medical services, mental health treatment or counseling, supervision, education, and assistance with routine needs such as feeding, bathing and diapering).

6.  Documents sufficient to demonstrate policies and procedures, formal or informal, for tracking the custody locations for minor detainees who were separated from their parents or accompanying adults.

7.  Documents sufficient to demonstrate the number of formal or informal requests by detainees to be reunited with their minor detainee children being detained separately, and the outcome of each such request.

8.  Documents sufficient to demonstrate policies and procedures, formal or informal, for permitting detainees to communicate with their minor detainee children, if they are being detained separately.

By email dated July 12, 2018, the ICE FOIA Office advised you that "In conducting a search for responsive records, the ICE FOIA office has determined that further clarification is needed regarding your request. There are over 10,000 medical records that would have to be pulled for documents related to your request. This process will take years, due to the man power involved. We would also need a signed 3rd party ID certification from each of the parents of whom you are seeking records about. IHSC can provide reports from Berks and Dilley with the names and A#'s of minor detainees housed at these facilities during the time specified. The PII would have to be redacted. We can, without providing the complete medical records, provide a report of every clinical visit made by minors during the indicated time period as well. By refining your request it will allow us to provide you with the documents in a much greater time frame."

By email dated July 16, 2018, you indicated that you were withdrawing portions of requests 2 and 5.  By letter dated September 25, 2018, the ICE FOIA Office advised you of the following:

> A search of the ICE Enforcement and Removal Operations (ERO) office for records responsive to your request produced 22 pages that are responsive to your request.  After review of those documents, I have determined that 19 pages will be released in their entirety.  Portions of the remaining 3 pages will be withheld pursuant to Exemptions of the FOIA as described below.

> In response to section 7 of your request, the Custody Programs Division (CPD) provided the following information. Between 4/1/2018 and 7/12/2018, ICE CPD received a total of 286 inquiries/requests for reunification from 237 detainees. These inquiries/requests came in the form of phone calls from detainees to ICE ERO through the Detention Reporting and Information Line (DRIL). CPD can only provide this number of requests because at any time a detainee could also have submitted requests through local processes.

In your appeal letter, you appealed the adequacy of the search conducted by ICE.

With respect to the adequacy of ICE's search, after a complete review of the administrative record, ICE has determined that new search(es) or, modifications to the existing search(es), could be made.  We are therefore remanding your appeal to the ICE FOIA Office for processing and re-tasking to the appropriate agency/office(s) to obtain any responsive documents.  The ICE FOIA Office will respond directly to you.

The ICE FOIA Office also determined that portions of your request falls within purview of the U.S. Customs and Border Patrol (CBP) and the Department of Health and Human Services Office of Refugee Resettlement (ORR).  Accordingly, the ICE FOIA Office is referring your FOIA request to CBP and ORR to process and to provide a direct response to you.

Should you have any questions regarding this appeal remand, please contact ICE at ice-foia@dhs.gov.  In the subject line of the email please include the word "appeal," your appeal number, which is **2019-ICAP-00093**, and the FOIA case number, which is **2018-ICFO-47721**.

Sincerely,

*for* Erin Clifford
Chief
Government Information Law Division
ICE Office of the Principal Legal Advisor
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security

# EXHIBIT G

# EXHIBIT G



**CENTER FOR PUBLIC INTEREST LAW**
**CHILDREN'S ADVOCACY INSTITUTE**

University of San Diego School of Law
5998 Alcalá Park
San Diego, CA 92110-2492
P: (619) 260-4806 / F: (619) 260-4753

2751 Kroy Way
Sacramento, CA 95817 / P: (916) 844-5646

1023 15th Street NW, Suite 401
Washington DC, 2005 / P: (917) 371-5191

www.cpil.org / www.caichildlaw.org

February 6, 2019

U.S. Immigration and Customs Enforcement
Office of the Principal Legal Advisor
U.S. Department of Homeland Security
500 12th Street, S.W., Mail Stop 5900
Washington, D.C. 20536-5900

RE: 2019-ICAP-00093 (appeal); 2018-ICFO-47721 (FOIA case number)

To whom it may concern:

On December 12, 2018, we received a letter from U.S. Immigration and Customs Enforcement (ICE) responding to our appeal of the ICE FOIA Office's response to our FOIA request dated June 20, 2018. Our appeal letter indicated that the record search done by ICE was inadequate, and the December 12th letter from ICE indicated that new searches or modifications to the existing searches could be made. The appeal was thus remanded to the ICE FOIA Office for processing and re-tasking to the appropriate agency or office to obtain responsive documents.

As of February 6th, we have received no further response from the ICE FOIA Office. More than seven months have elapsed since our original request. Therefore, if no answer is received within 14 days of this letter, we will assume no further response is forthcoming.

Please feel free to contact our office at 619-260-4806 for any questions or clarification.

Very sincerely,

Robert C. Fellmeth
Price Professor of Public Interest Law
University of San Diego School of Law
Executive Director, Center for Public Interest Law
and Children's Advocacy Institute

# EXHIBIT H

# EXHIBIT H

 **University of San Diego**

**Jessica Heldman <jheldman@sandiego.edu>**

---

## RE: 2019-ICAP-00093 (appeal); 2018-ICFO-47721 (FOIA case number)
1 message

---

**ICE-FOIA** <ICE-FOIA@ice.dhs.gov>                                      Thu, Feb 14, 2019 at 7:40 AM
To: Jessica Heldman <jheldman@sandiego.edu>

Good afternoon,

Your appeal is currently in the queue to have responsive records returned; the appropriate offices have been tasked.

Sincerely,

ICE/FOIA

**From:** Jessica Heldman <jheldman@sandiego.edu>
**Sent:** Wednesday, February 6, 2019 11:25 PM
**To:** ice-foia@dhs.gov
**Subject:** Re: 2019-ICAP-00093 (appeal); 2018-ICFO-47721 (FOIA case number)

Attached please find a letter dated 2.6.19 regarding our appeal.

Sincerely,

Jessica Heldman

--

**Jessica Heldman**

Fellmeth-Peterson Professor in Residence in Child Rights

University of San Diego School of Law

Children's Advocacy Institute

5998 Alcala Park/San Diego, CA 92110

619.260.4806/Fax 619.260.4753

jheldman@sandiego.edu

http://www.sandiego.edu/law

www.caichildlaw.org

# EXHIBIT I

# EXHIBIT I

Robert C Fellmeth

Center for Public Interest Law

4998 Alcala Park University of San Diego School of Law San Diego CA 92110

08/02/2018

CBP-2018-065437

Dear Robert C Fellmeth,

After careful review of your FOIA request,  CBP-2018-065437, we have determined that your request is too broad in scope or did not specifically identify the records which you are seeking.  FOIA is not a search mechanism.  Records must be described in reasonably sufficient detail to enable government employees who are familiar with the subject area to locate records without placing an unreasonable burden upon the agency. For this reason, §5.3(b) of the DHS regulations, 6 C.F.R. Part 5, require that you describe the records you are seeking with as much information as possible to ensure that our search can locate them with a reasonable amount of effort.  Whenever possible, a request should include specific information about each record sought, such as the event that would have created the record, a date range for the request, and subject matter of the records. The FOIA does not require an agency to create new records, answer questions posed by requesters, or attempt to interpret a request that does not identify specific records.

Specifically, of the 8 items you requested, items 1 and 2 seek records regarding adult persons detained or arrested for immigration-related causes.  CBP does not utilize this wording, as such a search can not be initiated.  Please clarify what you are referencing. Additionally, please note the additional items requested within items 1 and 2 would require the production of mulitple thousands of records that would take months to acquire and additional months to  review in preparation for release. Please narrow the scope of the items or the timeframe.  Items 3, 4, 5, 6, 7 and 8 would not be maintained by CBP. For those items you would need to contact the Department of Health and Human Services, Administration for Children and Families FOIA office.

This is not a denial of your request for records. Please resubmit your FOIA request, along with a more detailed description of the records being sought, by logging into your existing FOIAOnline account or creating an account at https://foiaonline.gov.

You may contact CBP's FOIA Public Liaison, Charlyse Hoskins, by sending an email via your FOIAonline account, mailing a letter to 90 K St, NE MS 1181, Washington DC, 20229 or by calling 202-325-0150.  The FOIA Public Liaison is able to assist in advising on the requirements for submitting a request, assist with narrowing the scope of a request, assist in reducing delays by advising the requester on the type of records to request, suggesting agency offices that may have responsive records and receive questions or concerns about the agency's FOIA process. Please notate file number CBP-2018-065437 on any future correspondence to CBP related to this request.

Additionally, you have a right to seek dispute resolution services from the Office of Government Information Services (OGIS) which mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation.  If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974.  You may contact OGIS as follows:  Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

U.S. Customs and Border Protection

# EXHIBIT J

# EXHIBIT J

University of San Diego®                                    **Jessica Heldman <jheldman@sandiego.edu>**

---

## FOIA Request CBP-2018-065437
1 message

---

**Robert C Fellmeth** <cpil@sandiego.edu>                            Mon, Aug 13, 2018 at 4:28 PM
To: CBPFOIA@cbp.dhs.gov
Cc: Jessica Heldman <jheldman@sandiego.edu>, Elisa Weichel <eweichel@sandiego.edu>, Katherine Gonzalez
<katiegonzalez@sandiego.edu>, Melanie Delgado <mdelgado@sandiego.edu>

August 13, 2018

FOIA Officer
U.S. Customs and Border Protection
90 K Street, NW
9th Floor, Mail Stop 1181
Washington, DC 20229
CBPFOIA@cbp.dhs.gov

RE: FOIA Request CBP-2018-065437

Dear FOIA Officer,

Thank you for the email on August 2, 2018 requesting narrowing and clarification
regarding our request made on June 20, 2018, number CBP-2018-065437. We have
amended our request as follows:

### Item No. 1
-We will substitute "adult persons detained or arrested upon detected entry into the United States,
within California, Arizona, Texas, or New Mexico, for immigration violations and/or illegal entry"
for the original language that read "adult persons detained or arrested upon detected entry into the
United States for immigration-related causes."
-We will substitute "by month from April 1, 2018" for "by month from January 1, 2018."
-We will withdraw (e) which asks whether the detainee has been appointed or retained
legal counsel.

### Item No. 2
-We will substitute "minors (children under the age of 18) detained upon detected entry into the
United States, within California, Arizona, Texas, or New Mexico, for immigration violations and/or
illegal entry" for the original language that read "minors (children under the age of 18) detained
upon detected entry into the United States for immigration related causes."
-We will substitute "by month from April 1, 2018" for "by month from January 1, 2018."
-We will withdraw (g), which asks whether the minor detainee has been appointed or
retained legal counsel.

### Item No. 3

-To clarify, we are requesting records specific to U.S. Customs and Border Protection, therefore, we amend our request to read: "For each minor detainee reflected in your response to Request 2(a) as being accompanied by an adult at the time of detention by U.S. Customs and Border Protection, documents, including but not limited to databases, sufficient to demonstrate the following information:

a. Whether he/she was left in the custody of his/her accompanying adult when detained by U.S. Customs and Border Protection;

b. Whether he/she was tendered to a relative (other than the accompanying adult) by U.S. Customs and Border Protection;

c. Whether he/she was tendered to a non-relative adult sponsor by U.S. Customs and Border Protection;

d. Whether he/she was physically barred from entry by U.S. Customs and Border Protection and is assumed to have left the U.S.;

e. Whether he/she was put in the custody of any federal agency by U.S. Customs and Border Protection, and if so, which agency;

f. Whether he/she was physically separated from his/her accompanying adult(s) for any period following his/her detention by U.S. Customs and Border Protection; (i) For each minor detainee who was separated from his/her accompanying adult(s) for any period by U.S. Customs and Border Protection, the total length of time such separation has taken place;

(ii) For each minor detainee who was separated from his/her accompanying adult(s) for any period by U.S. Customs and Border Protection, the number of times he/she has had any physical contact with his/her accompanying adult(s) while in detention and the total length of time of such contacts.

**Items No. 4, 5, 6, and 8**
-To clarify, we are specifically requesting documents regarding U.S. Customs and Border Protection policies and procedures that relate to detention and custody of minors. Therefore, we amend our request to specify documents sufficient to demonstrate U.S. Customs and Border Protection policies and procedures.

**Item No. 7**
-To clarify, we are requesting records specific to U.S. Customs and Border Protection, therefore we amend our request to specify documents pertaining to requests made by detainees of U.S. Customs and Border Protection to U.S. Customs and Border Protection.

We hope this resolves any issues with the request and that it can proceed as quickly as possible. If you have any other questions or need further clarification , please do not hesitate to contact us.

Regards,

Robert C. Fellmeth

Price Professor of Public Interest Law
University of San Diego School of Law
Executive Director, Center for Public Interest Law
and Children's Advocacy Institute

# EXHIBIT K

# EXHIBIT K



**CENTER FOR PUBLIC INTEREST LAW**
**CHILDREN'S ADVOCACY INSTITUTE**

University of San Diego School of Law
5998 Alcalá Park
San Diego, CA 92110-2492
P: (619) 260-4806 / F: (619) 260-4753

2751 Kroy Way
Sacramento, CA 95817 / P: (916) 844-5646

1023 15ᵗʰ Street NW, Suite 401
Washington DC, 20005 / P: (917) 371-5191

www.cpil.org / www.caichildlaw.org

October 30, 2018

U.S. Customs and Border Protection
FOIA Appeals, Policy and Litigation Branch
90 K. Street, NW
9ᵗʰ Floor, Mail Stop 1181
Washington, DC 20229

RE: FOIA Appeal CBP-2018-065437

To whom it may concern:

Pursuant to 5 U.S.C. § 552, the Children's Advocacy Institute and the Center for Public Interest Law submit this letter as an appeal to the final disposition by U.S. Customs and Border Protection regarding the Freedom of Information Act (FOIA) Case Number CBP-2018-065437.

We amended our original request of 8/2/2018 in a letter sent 8/13/2018. We have received no documentation nor any correspondence in response to our amended request. Rather, the online portal simply describes our request as closed. We submit this appeal on the basis that your response to our original and amended FOIA requests is inadequate.

As part of this appeal, we restate below the information we are requesting, along with additional requests. If any of the questions below cannot be answered, please state the bases for nondisclosure and cite the category of law you are relying upon for choosing not to disclose the requested information. We are not requesting identifying information of individuals within the categories listed below. We are not asking for the disclosure of names, email addresses, and phone numbers of DHS employees within the documents. We stress that a format free of personally identifiable information is sufficient. If we have received no answer within 30 days, we will assume the requested documents do not exist.

All of the information requested pertains only to the period from January 1, 2018 to the present. For requests 1, 2, and 3, responsive information may be provided in the form of existing documents that include the numbers requested by month or of any particular period if not available by month. If numerical data cannot be provided nationally, then please provide the information requested by county, department, or a feasible division. We reiterate that documents may be redacted to remove any individuals' names or other identifying information. Where the information is provided in a single document or single set of documents, other documents with the same information need not be produced. Where possible, it is preferable that documents be provided in electronic format.

If there are questions pertaining to the meaning of the requests below, or if information is sought to expedite or make your production less costly or time consuming, we are well aware of the

U.S. Customs and Border Protection
October 30, 2018
Page 2

importance of your work and we would cooperatively strive to clarify matters to facilitate your efficient response.

## DOCUMENT REQUESTS

1. Documents, including but not limited to databases, sufficient to demonstrate:

    a. The number of adult persons detained or arrested upon detected entry into the United States for immigration-related causes (hereinafter referred to as detainees), by month from January 1, 2018 to the present day, as available, and the following information for each detainee:

        i. The respective bases for such detentions;

        ii. Whether the detainee was charged with a crime, and if so, which crime(s);

        iii. The geographic area of entry or apprehension (i.e. the state, port or nearest city where that encounter, seizure, or detention occurred);

        iv. Whether the detainee was accompanied by minor children upon apprehension;

        v. Whether the detainee has been appointed or retained legal counsel; and

        vi. Whether the detainee has a pending immigration case.

    b. The aggregate number of adult detainees deported between January 1, 2018–present.

2. Documents, including but not limited to databases, sufficient to demonstrate:

    a. The number of minors (children under the age of 18) detained upon detected entry into the United States for immigration-related causes (hereinafter referred to as minor detainees), by month from January 1, 2018 to the present day, as available, and the following information for each minor detainee:

        i. The respective bases for such detentions;

        ii. The length of detentions;

        iii. Whether the minor detainee was charged with a crime, and if so which crime(s);

        iv. Whether the minor detainee was accompanied by an adult at the time of detention;

U.S. Customs and Border Protection
October 30, 2018
Page 3

      1. If the minor detainee was accompanied by an adult at the time of detention, whether the adult was identified or believed to be the parent of the minor detainee;

    v. All locations in which the minor detainee has been held in custody;

      1. The current location of the minor detainee;

    vi. Languages spoken by the minor detainee;

    vii. Country of origin of the minor detainee;

    viii. Age at the time of the minor detainee's initial detention;

    ix. Medical condition(s) of the minor detainee requiring treatment at the time of detention or while during detention;

      1. For minor detainees with medical condition(s) requiring treatment at the time of detention or while during detention, whether such treatment has been rendered;

    x. Whether the minor detainee has been appointed or retained legal counsel; and

    xi. Whether the minor detainee has a pending immigration case.

  b. The aggregate numbers within the timeframe of January 1, 2018 to present pertaining to:

    i. The number of minor detainees who were unaccompanied by an adult;

    ii. The number of minor detainees deported;

3. For each minor detainee reflected in your response to Request 2(a)(iv) as being accompanied by an adult at the time of detention, documents, including but not limited to databases, sufficient to demonstrate the following information:

  a. Whether the minor detainee was left in the custody of the accompanying adult(s);

  b. Whether the minor detainee was tendered to a relative (other than the accompanying adult);

  c. Whether the minor detainee was tendered to a non-relative adult sponsor;

  d. Whether the minor detainee was referred to a social worker;

U.S. Customs and Border Protection
October 30, 2018
Page 4

    e.  If the minor detainee was released to an adult, whether the adult went through a background check, and what that background check consisted of, not limited to the following:

        i.  Whether the adult had a criminal record;

        ii.  Whether the adult appeared on the National Sex Offender Public Registry;

        iii.  Whether the adult was a Mentally Disordered Sex Offender (MDSO);

        iv.  If the minor detainee was released to an adult that did not have a criminal record, did not appear on the National Sex Offender Public Registry, or was not an MDSO, whether the check was followed up regularly;

    f.  Whether the minor detainee was physically barred from entry and is assumed to have left the U.S.;

    g.  Whether the minor detainee was put in the custody of any federal agency, and if so, which such agency has custody;

    h.  Whether the minor detainee was physically separated from the accompanying adult(s) for any period following the minor detainee's detention;

        i.  For each minor detainee who was separated from the accompanying adult(s) for any period following the minor detainee's detention, the total length of time such separation has taken place;

        ii.  For each minor detainee who was separated from the accompanying adult(s) for any period following the minor detainee's detention, the number of times the minor detainee has had any physical contact with the accompanying adult(s) while in detention and the total length of time of such contacts.

        iii.  For each minor detainee who was separated from the minor detainee's parent(s) for any period following the minor detainee's detention, the total length of time such separation has taken place;

        iv.  For each minor detainee who was separated from the minor detainee's parent(s) for any period following the minor detainee's detention, the number of times the minor detainee has had physical contact with the minor detainee's parent(s) while in detention and the total length of time of such contacts;

4.  Documents sufficient to demonstrate policies and procedures, formal or informal, for determining the facilities or individuals who will have custody over minor detainees who are separated from their parents or accompanying adults.

U.S. Customs and Border Protection
October 30, 2018
Page 5

5.  Documents sufficient to demonstrate policies and procedures, formal or informal, setting forth how minor detainees who have been separated from their parents or accompanying adults are to be treated, and assistance and services they are to receive, while in federal custody (addressing concerns such as, but not limited to, ensuring safe and appropriate housing and bedding, clothing, meals, medical services, mental health treatment or counseling, supervision, education, and assistance with routine needs such as feeding, bathing, and diapering).

6.  Documents sufficient to demonstrate policies and procedures, formal or informal, for tracking the custody locations for minor detainees who were separated from their parents or accompanying adults.

7.  Documents sufficient to demonstrate the number of formal or informal requests by detainees to be reunited with their minor detainee children being detained separately, and the outcome of each such request.

8.  Documents sufficient to demonstrate policies and procedures, formal or informal, for permitting detainees to communicate with their minor detainee children, if they are being detained separately.

Please feel free to contact our office at 619-260-4806 for any questions or clarification about the requests above.

Very sincerely,

Robert C. Fellmeth
Price Professor of Public Interest Law
University of San Diego School of Law
Executive Director, Center for Public Interest Law
and Children's Advocacy Institute